IN THE CIRCUIT COURT OF ST. FRANCIS COUNTY, ARKANSAS
CIVIL DIVISION

WILLIAM HATCHER            PLAINTIFF

VS.      Case No. 62 CV – 2016 – 9-4

MDOW INSURANCE COMPANY and
WELLS FARGO HOME MORTGAGE, INC.       DEFENDANTS

### COMPLAINT AT LAW

Comes the Plaintiff, William Hatcher, by and through his attorneys EASLEY & HOUSEAL, PLLC, and for his cause of action against the Defendants, MDOW Insurance Company and Wells Fargo Home Mortgage, states:

#### Jurisdiction and Venue

1. At all times relevant hereto Plaintiff was an individual resident of St. Francis County, Arkansas.

2. Defendant MDOW Insurance Company (hereinafter "MDOW") is an insurance company authorized to do business in the state of Arkansas, and in fact doing business in St. Francis County, Arkansas. MDOW's principal place of business is Houston, Texas.

3. Defendant Wells Fargo Home Mortgage (hereinafter "Wells Fargo") is a banking institution authorized to do business in the state of Arkansas, and in fact doing business in St. Francis County, Arkansas.

4. This Court has full jurisdiction of this cause under ACA §16-13-201(a), and



FILED
JAN 0 8 2016
BETTE S. GREEN, CLERK
ST. FRANCIS COUNTY



venue properly lies in this county under the provisions of ACA §23-79-204.

5.      This case involves the fire loss of a home insured by MDOW. Plaintiff mortgaged the home in question with Defendant Wells Fargo. As such, Wells Fargo is a necessary and indispensable party hereto. Plaintiffs make no substantive charges against said mortgagee herein, but instead include the mortgagee only by reason of its necessary and indispensable financial interest. Plaintiffs will claim attorneys' fees on any sums eventually paid to the mortgagee.

## Facts and Allegations

6.      At the time of the fire loss complained of herein, Plaintiff was the owner of the home located at 1986 SFC 415, Forrest City, Arkansas.

7.      Plaintiff obtained insurance for the home through Defendant MDOW, policy number ARP_H120161-15. The policy is attached hereto as Exhibit "A."

8.      The policy was in full force and effect on July 14, 2015.

9.      On July 14, 2010, the home caught fire.

10.     The fire caused severe damage to the home, causing the home to be unlivable.

11.     Plaintiff promptly and timely reported the fire loss to MDOW, and requested payment under the policy.

12.     Since that time, Plaintiff has cooperated with MDOW and made reasonable attempts to persuade MDOW to pay the loss.

13.     Plaintiff has complied with all the provisions of the policy regarding "What Must Be Done In Case Of Loss Or Occurrence," found on page 26 of the policy.

14. Instead of paying the loss, the MDOW has procrastinated, delayed, and frustrated Plaintiff's attempts to recover the insurance proceeds rightfully due to him.

15. Immediately after the fire, Plaintiff obtained two estimates from qualified contractors to return the home to a livable condition: one for $92,895.00, and the other for $97,080.00.

16. At the time of the fire, less than $90,000.00 was owed on the mortgage.

17. MDOW refused to pay for the repairs or the mortgage.

18. Under the policy, MDOW is required to pay living costs so that Plaintiff may enjoy his normal standard of living in the event of a loss. See paragraph 4(a) on page 9 of the policy.

19. Since the fire and directly due to MDOW's failures, Plaintiff has been relegated to sleeping in a camper parked under the garage of his former home.

20. MDOW is required to cover debris removal and clean-up costs under the policy.

21. MDOW has failed and refused to pay for adequate debris removal and clean-up costs.

22. After a loss, MDOW is required to pay for reasonable costs to protect the property against further peril. See paragraph 11(a) on page 14 of the policy.

23. MDOW has failed and refused to pay for costs to protect the property from further peril.

24. MDOW initially valued the damage to the home at $40,550.02. After Plaintiff hired an attorney, MDOW's "determination" of the damage to the home

Page 3 of 5

increased by over $23,000.00, to $63,593.32. MDOW eventually issued a check for $63,539.32, with full knowledge that this amount would not pay for repairs sufficient to allow the Plaintiff to repair the home and move back into the same. That check is being held by Plaintiff's counsel, in trust, until further orders of the Court.

25. MDOW unilaterally changed a material portion of the policy which sufficiently decreased the benefits recoverable, while requiring the Plaintiff to pay the same premiums (or more). Specifically, after the Plaintiff obtained the policy, MDOW issued an endorsement which allows MDOW to pay all losses according to "actual cash value," as opposed to "replacement costs," which were prescribed and described in the original policy purchased by Plaintiff.

26. By refusing to pay loss pursuant to the terms of the policy, Defendant MDOW has breached its contract of insurance. Plaintiff has been damaged and is entitled to judgment for:

- $33,486.68 for loss associated with the dwelling, (estimated repair costs of $97,080.00 less the $63,593.32 tendered by MDOW);
- $40,000.00 for the loss of personal property in the dwelling;
- Over $10,000.00 for living expenses after displacement; and
- Debris removal and clean-up costs.

The total losses owed to the Plaintiff less a $1,000.00 deductible, is **Eighty Three Thousand, Four Hundred Eighty Six Dollars and Sixty Eight Cents ($83,486.68)**.

27. In addition to the compensatory damages sought herein, Plaintiffs should be awarded judgment against the Defendant for the 12% statutory penalty, together with

a reasonable attorney fee, and for 6% pre-judgment interest.

28. In addition, Defendant MDOW's actions in this case are so oppressive and malicious they amount to bad faith. Accordingly, Plaintiff should be compensated for the mental anguish caused by MDOW'S oppressive actions.

29. Punitive damages should be assessed MDOW as punishment, and to deter MDOW, and others similarly situated, from such conduct in the future.

30. Plaintiffs demand a jury trial.

WHEREFORE, Plaintiff William Hatcher prays for judgment in the amount of $83,486.68 against the MDOW Insurance Company for all of their damages and losses under the insurance contract; for a 12% statutory penalty, a reasonable attorney fee, pre-judgment interest at the rate of 6% per annum; for post-judgment interest at the highest legal rate; for mental anguish; for punitive damages; for a jury trial; and for all other proper relief.

Respectfully submitted,

EASLEY & HOUSEAL, PLLC

By:_____
Austin H. Easley
Arkansas Bar No. 2010154
Post Office Box 1115
Forrest City, AR 72336-1115
P: (870) 633-1447
F: (870) 633-1687

MDOW INSURANCE COMPANY
PO BOX 540548
HOUSTON, TX 77254



WILLIAM HATCHER
1986 SFC 415
FORREST CITY, AR 72335